## KEZIAH HEDGES *et al.*

### *v.*

## JAMES MACE *et al.*

1. PROCESS—*what is sufficient return to show service.* Where the statute requires the sheriff to deliver to the defendants, if found, a copy of the summons, a return by the sheriff that he served each of the defendants with a true copy of the summons, is equivalent to a return that he delivered each of them a copy, and is a substantial compliance with the statute.

2. APPEAL—*defendant against whom there is no judgment has no right.* A defendant to a bill in chancery against whom no decree or judgment is

rendered, can not appeal or prosecute a writ of error from a decree dismissing complainant's bill.

3. ERROR—*party not affected can not complain.* A complainant in a bill to impeach a former decree and sale, can not complain of an error committed by the court below against one who is a party defendant to his bill, which in no manner affects the rights of such complainant.

4. PURCHASERS UNDER DECREE—*how far protected.* On a bill to impeach a decree and sale under it, nothing can be urged as against purchasers under such decree that does not go to the jurisdiction of the court. As to such purchasers, the bill to impeach the decree and sale is a collateral proceeding, in which mere matters of error in the former proceeding can not be considered.

WRIT OF ERROR to the Circuit Court of Crawford county; the Hon. HIRAM B. DECIUS, Judge, presiding.

Mr. E. CALLAHAN, for the plaintiffs in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Roswell W. Hale, conservator of Sally Mace, an insane person, and James Mace, filed a bill in the circuit court of Crawford county against Margaret Delopp, Keziah Hedges, and others, for partition and assignment of dower in certain lands owned by complainants and defendants, which descended to them as heirs at law of Solomon Mace, deceased.

At the March term, 1852, a decree was rendered appointing commissioners to apart and divide the lands. At the September term, 1852, the commissioners filed a report, in which they stated the lands could not be divided without manifest injury to the owners of the same. The court entered a decree, directing a sale of the lands. The lands were sold, the sale reported to the court, and a decree of confirmation entered.

In September, 1868, Keziah Hedges filed this bill against the complainants and defendants in the original bill and the purchasers of the lands under the decree, for the purpose of impeaching the decree and to set aside the sale made under it. Answers were put in to the bill, to which the complainant filed a replication. The court, on the hearing, entered a decree dismissing the bill at the costs of the complainant Keziah Hedges.

This writ of error is brought by Keziah Hedges, against whom the decree was rendered dismissing her bill, together with Margaret Delopp, Jacob Mace and Sally Mace, three of the defendants to the bill, against whom no decree was rendered.

As to the three defendants against whom no decree or judgment was rendered, we are aware of no rule of law or practice which would permit them to prosecute a writ of error.

The only question to be determined, then, is, whether the record contains error as to Keziah Hedges, against whom the decree was rendered dismissing her bill.

The only objection to the proceedings in the partition case, in which the lands were decreed to be sold, which goes to the jurisdiction of the court, is based upon the alleged insufficiency of the service made by the sheriff upon the defendants. The return of the sheriff upon the summons is in the following form:

"*August* 18, 1851.

"I have this day served the within writ on the within named defendants, by serving them each with a true copy of the same, to-wit: Margaret Delopp, Jeffrey Delopp, Jacob Mace, and Keziah Mace.

"J. M. GRIMES, *Sheriff C. C.*"

The objection taken to the return is, that it is silent as to the manner in which the service was made.

The service of a writ is defined to be the reading of it to the person to whom notice is intended to be given, or the leaving of an attested copy with the person. If the term "serving them" means to read to the defendants, or deliver them a copy of the process, then it is clear the return is sufficient, under the statute, for it is expressly stated that each of the defendants, by name, was served with a copy of the summons.

The statute required the sheriff to deliver to each of the defendants, if found, a true copy of the summons. We are inclined to the opinion, when the sheriff returned that he had served each of the defendants with a true copy of the summons, that was equivalent to a return that he had delivered each of

the defendants a copy of the process, and hence was a substantial compliance with the statute.

On the trial, the court heard proof that the sheriff had, in fact, delivered each of the defendants a copy of the process, and upon this allowed the sheriff to amend the return. It is insisted that, after the lapse of so many years, it was error for the court to permit the return to be amended. Conceding the point to be well taken, we can not, on that account, reverse, for the reason that the return was good, in substance, before the amendment was made.

It is insisted that Sally Mace was not a party plaintiff or defendant to the proceedings; that the bill could not be brought in the name of Hale, as conservator of Sally Mace, and that as to her interest in the land the decree is void. Whether the court had jurisdiction to render a decree which would be binding upon Sally Mace it is not necessary to inquire, as the circuit court rendered no decree against her from which she could appeal or prosecute a writ of error; and the complainant, who filed this bill to impeach the decree and sale, can not complain if an error has been committed which, in no manner, affected her own rights.

This disposes of the objections arising upon the record that go to the jurisdiction of the court, and effectually disposes of the case.

Various other objections are made to the proceedings, but it is not necessary to consider them. If the questions raised are at all tenable, they are but errors, and can not be urged in this collateral manner against the title of the defendants who purchased at the sale under the decree.

The law is well settled, that where the court has jurisdiction of the subject matter, and obtains jurisdiction of the person by service of process, then, although errors may intervene, the title of a purchaser under the decree, who is not a party to the proceeding, will be protected. *Stow* v. *Kimball*, 28 Ill. 108; *Moore* v. *Neil*, 39 ib. 256; *Wight* v. *Wallbaum*, 39 ib. 554; *Mulford* v. *Stalzenback*, 46 ib. 303.

As to the defendants in this bill, who were the purchasers under the decree, and whose title is sought to be impeached, this proceeding is as clearly collateral to them as would be an action of ejectment brought to recover the premises. *Moore* v. *Neil, supra.* Perhaps a different rule might prevail in regard to such of the defendants as were parties to the original proceeding, but none of these were purchasers under the decree.

No substantial error is perceived in the decree of the circuit court, and it will be affirmed.

*Decree affirmed.*