EDWARD H. R. GREEN *et al.*

*v.*

R. SUYDAM GRANT *et al.*

143   61
168  285

143     61
207    171

143     61
115a  ⁵588

*Filed at Ottawa October 31, 1892.*

1. WILLS—*devise to trustees—title acquired.* A testator devised certain of his estate, real and personal, to three persons, as trustees, to collect the rents, etc., and safely to invest the personal estate to be held by them during the life of his daughter, giving her the income free from the control of her husband. On her death the trustees were to convey and transfer the principal to her issue surviving her, in such shares as she should direct by will, and in case she should make no will, then to her issue in equal shares, *per stirpes,* and in case of her death without issue, the trustees were to convey all the estate, except $400,000, to such person as the daughter might by will direct, and in default of such direction then to her heirs-at-law by the laws of New York. The trustees were also empowered to lease and sell and convey any of the real estate : *Held,* that the trustees took the legal title in fee, and that upon the death of the daughter her issue could not take the legal title without a conveyance to them by the trustees, and that such trust was not a passive one, the trustees being required to perform active duties after the death of the daughter.

2. SAME — *devise to trustees without the word "heirs"— enlarging the estate devised.* If land be devised to trustees without the word "heirs,"

and a trust is declared which can not be fully executed but by the trustees taking an inheritance, the court will enlarge or extend their estate into a fee simple, to enable them to carry out the intention of the donor. Thus, if land is conveyed or devised to trustees without the word "heirs," in trust to sell, they will take the fee, otherwise they can not sell; and also, if an estate is limited to trustees and their heirs, in trust, to sell, mortgage or to lease, at discretion, or if they are to convey the property in fee, or to divide it equally among certain persons, as to do any of these acts requires a fee.

3. While in conveyances and devises of real estate in trust, words of inheritance will not necessarily pass the title in fee, they will have that effect unless it appears that the trust can be discharged by the trustees taking a less estate. *Prima facie* the absolute title in fee passes.

4. SAME — *will construed* — *estate devised* — *parties.* Where land is devised to trustees in trust, to collect the rents, etc., and pay the same to a daughter of the testator during her life, and at her death to convey the same to her issue in such manner and shares as she may direct by will, and in the event she leaves no issue then to certain other persons at her death, the legal title will not vest in her children, and they will not become necessary parties to a bill by a third person to have a part of the land sold, but it will be sufficient to make such trustees parties.

5. CHANCERY — *parties.* In suits in chancery all persons who are legally or equitably interested in the subject matter and result of the suit must be made parties. The interest, however, must always be a present substantial interest, as distinguished from a mere expectancy or future contingent interest.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. WALKER & EDDY, for the appellants:

Appellants' bill is an original bill of review impeaching a decree for want of necessary parties. Story's Eq. Pl. secs. 426, 427; *Gaytes* v. *Savings Bank,* 85 Ill. 256; *Griswold* v. *Hicks,* 132 id. 494; *Lloyd* v. *Malone,* 23 id. 43.

The interest of the trustees of the Robinson estate in section 21 was an estate for the life of Mrs. Green. 3 Redfield on Wills, 617.

A trustee takes exactly that quantity of interest that the purposes of the trust require. 2 Jarman on Wills, 305; *Norton* v. *Norton,* 2 Sandf. 296; *Coulter* v. *Robinson,* 24 Miss. 478; *Ward* v. *Amory,* 1 Curt. 419.

The legal estate in the trustee shall not be carried further than is required for the complete execution of the trust. *Ellis* v. *Fisher*, 3 Sneed, 231; *Williman* v. *Holmes*, 4 Rich. Eq. 475; *Norton* v. *Norton*, 2 Sandf. 296; *Smith* v. *Metcalf*, 1 Head, 64; *Farrow* v. *Farrow*, 12 S. C. 168; Lewin on Trusts, (6th Eng. ed.) 189.

As to the rule, an illustration is found in the case of a devise to A and his heirs (the language of a fee simple) in trust, to pay the rents to B for his life, and on his death the estate to C in fee. Here the legal estate for B's life, only, is in the trustee, and the legal estate of the remainder is vested in C. *Adams* v. *Adams*, 6 Q. B. 860; *Cook* v. *Blake*, 1 Exch. 220.

So, too, though a fee simple be given in appropriate terms to trustees, and though appointees or heirs are to take interests only upon the happening of a contingency, still, when that contingency happens, if the trust has then been fully performed, the appointees or heirs, as the case may be, will at once take a legal estate of the extent given by the will, as purchasers. *Ward* v. *Amory*, 1 Curt. 419; *Pearce* v. *Savage*, 45 Me. 90.

Thus, where the testator's real estate was devised to trustees, their survivors or survivor, and their or his heirs, etc., to secure a life annuity, (which was to be paid out of the annual income,) and then in trust for the testator's children until they should attain the age of twenty-one, "and then unto and among them, share and share alike, as tenants in common, and not as joint tenants," and the will contained clauses empowering the trustees to grant leases, and, if thought advisable, to sell any part thereof, it was held, notwithstanding this provision, that the estate of the trustees was confined to the minority of the children. *Goodtitle* v. *Whitley*, 1 Burr, 228; *Doe* v. *Harris*, 2 D. & Ryl. 36; *Edwards* v. *Symons*, 6 Taunt. 212; *Ackland* v. *Utley*, 1 Per. & D. 639; *Tucker* v. *Johnston*, 16 Sim. 341; *Plenty* v. *West*, 66 C. B. 201; *Doe* v. *Cafe*, 7 Ex. 675; *Baker* v. *White*, L. R. 20 Eq. 176.

Where an estate is limited to trustees for preserving contingent remainders, although it may not be in terms confined to the life of the person taking the immediately preceding estate of freehold, yet it will be restricted in construction if the will disclose no other purpose which requires that the trustee should take a larger estate. 2 Jarman on Wills, 317; *Compare* v. *Hicks*, 7 T. R. 433; *Haddelsey* v. *Adams*, 22 Beav. 266; *Smith* v. *Dunwoody*, 19 Ga. 237; *Payne* v. *Sale*, 2 Dev. & Bat. Eq. 455; *Heardson* v. *Williamson*, 1 Kee, 33.

The sixth clause of the will, which gave to the trustees "power to lease any part of the real estate, etc., and likewise power to sell and convey any of such real estate," did not so enlarge the estate of the trustees as to make it an estate in fee, but simply conferred upon the trustees certain powers of disposition, which may be executed without any legal title. *Burke* v. *Valentine*, 52 Barb. 412; *Reeve* v. *Attorney General*, 2 Atk. 223; *Hilton* v. *Kenworthy*, 3 East, 553; *Bateman* v. *Bateman*, 1 Atk. 421; *Fowler* v. *Jones*, 1 Ch. Cas. 262; *Lancaster* v. *Thornton*, 2 Burr, 1027; *Yates* v. *Compton*, 2 P. Wms. 308; *Fay* v. *Fay*, 1 Cush. 94; *Shelton* v. *Homer*, 5 Metc. 462; *Deering* v. *Adams*, 37 Me. 264; *Jackson* v. *Schauber*, 7 Cow. 187; 2 Wend. 12; *Bank* v. *Beverly*, 10 Pet. 532; 1 How. 134.

Immediately upon the death of Mrs. Green, both the legal and equitable title to the estate will vest instantly in her children, regardless of whether or not the trustees execute any deed or conveyance. No act on their part will be necessary. The active trust for the life of Mrs. Green having ceased, the use will be immediately executed in those who are entitled to take the estate after her death, and her children could convey the legal title without any conveyance from, or the intervention, in any way, of the trustees. *Parker* v. *Converse*, 5 Gray, 336; *Greenwood* v. *Coleman*, 34 Ala. 150; *Churchill* v. *Corker*, 25 Ga. 479; *Stokes' Appeal*, 80 Pa. St. 492; *Dodson* v. *Ball*, 60 id. 492; *Wells* v. *McCall*, 64 id. 207; *Yarnell's Appeal*, 70 id. 335; *Megargee* v. *Naglee*, 64 id. 216; *Simonds* v. *Simonds*,

112 Mass. 157; 121 id. 191; *Belote* v. *White*, 2 Head, 703; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Provost* v. *Provost*, id. 141; *Farrow* v. *Farrow*, 12 S. C. 16; *Lynch* v. *Swayne*, 83 Ill. 336; *Meacham* v. *Steele*, 93 id. 135; *West* v. *Fitz*, 109 id. 425.

Appellants were necessary parties to the Peters bill. *Spear* v. *Campbell*, 4 Scam. 424; *Scott* v. *Bennett*, 6 Ill. 646; *Alexander* v. *Hoffman*, 70 id. 114; *Montgomery* v. *Brown*, 2 Gilm. 581; *Smith* v. *Rotan*, 44 id. 506; 39 id. 14.

The trustees have the legal interest, and therefore they are necessary parties. The *cestuis que trust* (or beneficiaries) have the equitable and ultimate interest to be affected by the decree, and therefore they are necessary parties. Cooper's Eq. Pl. 34; Mitford's Eq. Pl. 176, 279; Barbour on Parties, 525, 529; *Adams* v. *St. Leger*, 1 Ball & B. 181; *Court* v. *Jeffery*, 1 S. & S. 105; *Wood* v. *Williams*, 4 Mad. 186; *Burt* v. *Dennett*, 2 Bro. Ch. 225; *Osborn* v. *Fallows*, 1 R. & M. 741; *Malin* v. *Malin*, 2 Johns. Ch. 238; *Fish* v. *Howland*, 1 Paige, 20; *Stilwell* v. *McNeely*, 1 Green's Ch. 395; *Railroad Co.* v. *Peck*, 112 Ill. 409; *Holland* v. *Baker*, 3 Hare, 68; *Roberts* v. *Tunstall*, 4 id. 261; *Breit* v. *Yeaton*, 101 id. 242.

Messrs. SMITH & HARLAN, and Messrs. LYMAN & JACKSON, for the appellees:

Appellants were not necessary parties to the Peters suit. *Newberry* v. *Blatchford*, 99 Ill. 11; *Ebery* v. *Adams*, 135 id. 80.

The duties of the trustees did not cease on the death of Mrs. Green, and will not until they have made a conveyance in fee. *Doe* v. *Edlin*, 4 A. & E. 582; *Doe* v. *Fields*, 2 B. & A. 564.

It was sufficient to make the trustees parties, as they represented all the interests in the land. *Kerrison* v. *Stewart*, 93 U. S. 156; *Brown* v. *Schley*, 70 Ga. 64; *Campbell* v. *Watson*, 8 Ohio, 498; *McGraw* v. *Bayard*, 96 id. 155; *McArthur* v. *Scott*, 113 U. S. 340.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

To the May term, 1891, of the circuit court of Cook county, appellants filed their bill in the nature of bill of review, against appellees, to set aside a decree, and sale in pursuance thereof, of section 21, township 39, north, range 13, east, in Cook county, Illinois, the decree having been rendered on the bill of William H. Peters, receiver of the Norfolk National Bank of Virginia, against the administrator and heirs-at-law of Robert W. Hyman, deceased, and Henry A. Barling, Edward D. Mandell and Edward H. Green, trustees under the last will and testament of Edward Mott Robinson, deceased, together with Hetty H. R. Green, daughter of said Robinson, and others, filed in said circuit court of Cook county, August 24, 1887. The record of that cause has been twice before us. (See *Barling et al.* v. *Peters,* 131 Ill. 78, and *Same* v. *Same,* 134 id. 606.) The present bill sets out at length the various steps in that proceeding, but they will sufficiently appear, for the purposes of this decision, by reference to the above cited cases.

The following facts are pertinent to the present inquiry: On the 14th of June, 1865, Edward Mott Robinson died, leaving a last will and testament, which was afterwards duly probated. He left surviving him an unmarried daughter, Hetty Howland Robinson, to whom he willed certain real estate in the city of San Francisco and a large money legacy. He also gave certain other specific legacies, and then made the following residuary bequest:

"*Fifth*—All the rest, residue and remainder of my estate, both real and personal, remaining after the payment of my debts, after satisfying the bequests and dispositions hereinbefore contained, I give, devise and bequeath unto Henry A. Barling and Abner H. Davis, of the city of New York, and Edward D. Mandell, of New Bedford, in the State of Massachusetts, as trustees, to be had and holden by them, and the survivors and survivor of them, upon the trusts following, that

is to say : as to the real estate, to collect and receive the rents, issues and profits thereof, and as to the personal estate to invest and keep invested the same, with power to call in and change the investments from time to time, such investments and re-investments to be in such securities and property, and in such manner, as to such trustees shall be deemed safe and prudent, and to continue so to hold the same in trust during the life of my said daughter, Hetty Howland Robinson, and to apply the net rents, issues, profits, interest and income arising from the property embraced in such trust, to the sole and separate use of my said daughter, Hetty Howland Robinson, during her life, separate and apart from any husband she may marry, and free from the debts, control or interference of any such husband, such application to be of such income only, from time to time, as it shall accrue and be received, and not to be subject to any previous disposition or incumbrance by way of anticipation, and upon the death of my said daughter, Hetty Howland Robinson, to convey, transfer and deliver over the capital of such trust estate, real and personal, as the same shall then exist, to the issue of my said daughter, Hetty Howland Robinson, if any issue she shall leave her surviving, in such shares and proportions as my said daughter, Hetty Howland Robinson, shall appoint and direct by her last will and testament, and if she shall make no direction or appointment, then to such issue in equal shares, *per stirpes*, and not *per capita*, and in case my said daughter, Hetty Howland Robinson, shall leave no issue her surviving, then upon her death to convey, transfer and deliver over the capital of such trust estate, real and personal, as the same shall then exist, excepting $400,000 thereof hereinafter disposed of, in such event, to such person or persons, and for such estates as my said daughter, Hetty Howland Robinson, shall, by her last will and testament, direct or appoint, and in default of such direction or appointment, or so far as the same may not extend or be effectual, then to the person or persons who by the present laws of

the State of New York would have taken the same as heirs-at-law and next of kin of my said daughter, Hetty Howland Robinson, if she had died seized and possessed thereof intestate; and as to the said above reserved $400,000 of such trust estate, I give and bequeath the same, at the termination of the said trust, upon such contingency of my said daughter dying without leaving issue, in manner following, that is to say: I give and bequeath $100,000 thereof to my brother, William A. Robinson, of Providence, Rhode Island, if he be then living, and if he be not living, then to the issue then living of said William A. Robinson, in equal shares, *per stirpes,* and not *per capita;* and $100,000 thereof to my sister Annie A. Chase, of Salem, Massachusetts, if she be then living, and if she be not then living, then to the issue then living of said Annie A. Chase, in equal shares, *per stirpes,* and not *per capita;* and $100,000 thereof to my brother Attmore Robinson, of South Kingston, Rhode Island, if he be then living, and if be not then living, then to the issue then living of said Attmore Robinson, in equal shares, *per stirpes,* and not *per capita;* and the remaining $100,000 thereof to my brother Sylvester C. Robinson, of Salem, Massachusetts, if he be then living, and if he be then not living, then to the issue then living of said Sylvester C. Robinson, in equal shares, *per stirpes,* and not *per capita.*

"*Sixth*—I give to the trustees of the trust above created, and the survivors and survivor of them, power to lease any of the real estate embraced in such trust for any lawful term or terms, and likewise power to sell and convey any of such real estate. And I will and direct that as to such part of my estate as at the time of my death shall be invested in ships or interests in ships, it shall be at the option of said trustees, and likewise of my executors, in their discretion, when to sell the same, and they may continue to hold and run any such ship or ships for the benefit and at the risk and charge of my estate, for such time as to them may seem fit."

In 1866 the daughter, Hetty Howland, married Edward H. Green, and of that marriage the complainants in this bill were born,—the son, Edward H. R., August 22, 1868, and the daughter, Hetty S. H., January 7, 1871. The theory of this action is, that upon their births these children, the issue of the daughter of said Robinson, took, under said fifth clause of his will, a present interest in the residuum of his estate, to which belonged said section 21, and that therefore, before their rights in that real estate could be sold under a decree of court, they must have been parties to that decree,—hence this is denominated by their counsel "an original bill, in the nature of a bill of review, impeaching a decree for want of proper parties." There are also allegations in the bill charging fraud and collusion on the part of said trustees in suffering ing said decree to be rendered. The rights of appellants, however, when the Peters bill was filed, were precisely the same as they are now, and therefore, unless they were necessary parties to that bill, they can have no standing in the present action for want of interest in the subject matter. The case may therefore be properly considered on the single question, had appellants, at the time the former bill was filed, such an interest in the subject matter of that suit as made them necessary parties thereto.

It is scarcely necessary to reiterate the rule in chancery pleading and practice, that all persons who are legally or equitably interested in the subject matter and result of the suit must be made parties. The interest must, however, always be a present substantial interest, as distinguished from a mere expectancy, or future contingent interest. *American Bible Society et al.* v. *Price,* 115 Ill. 623 ; Story's Eq. Pl. secs. 141, 145, 150.

While many points are raised and discussed by counsel for appellants, the pivotal question in the case is, did appellants, as issue of Hetty Howland Robinson, upon coming into being, take a vested interest, under the foregoing fifth clause, in

all the real estate therein devised. The first proposition asserted in support of the affirmative of that question is, that "the interest of the trustees of the Robinson estate in the piece of realty known as section 21 was an estate for the life of Mrs. Green." From this premise it is argued that the issue of Mrs. Green took, under said clause, an estate in remainder in said section as soon as they were born, which became a vested remainder under the rule that "when a remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate *is* to determine, by an event which must happen immediately by the efflux of time, the remainder vests in interest as soon as the remainder man is *in esse* and ascertained, provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession." It is also insisted, and many authorities are cited as supporting the contention, that immediately upon the death of Mrs. Green both the legal and equitable title to the estate will vest instantly in her children, regardless of whether or not the trustees execute any deed or conveyance. Manifestly, unless the first of the foregoing propositions can be sustained the argument must fall with it. If the trustees took the title to said real estate in fee simple, no remainder was left to vest in the issue of Mrs. Green or any one else, and hence there could be no vesting of title upon the death of Mrs. Green, without a conveyance by said trustees.

The language in said fifth clause, "I give, devise and bequeath unto Henry A. Barling, etc., as trustees," *prima facie* vests in said trustees the title in fee, the effect being the same as though the devise had been to them and their heirs. (Rev. Stat. sec. 13, chap. 30, entitled "Conveyances;" *West* v. *Fitz,* 109 Ill. 436.) While in conveyances and devises of real estate in trust, words of inheritance will not necessarily pass the title in fee, they will have that effect unless it appears that the trust can be discharged by the trustees taking a less estate.

*Prima facie,* the absolute title in fee passes.   Even in the absence of statutory provision as to the effect of the omission of the word "heirs," the rule, as stated by Perry in his work on Trusts, (sec. 315,) is as follows:   "So if land is devised to trustees without the word 'heirs,' and a trust is declared which can not be fully executed but by the trustees taking an inheritance, the court will enlarge or extend their estate into a fee simple, to enable them to carry out the intention of the donors. Thus, if land is conveyed to trustees without the word 'heirs,' in trust, to sell, they must have the fee, otherwise they could not sell."   And he adds:   "*A fortiori,* if an estate is limited to trustees and their heirs, in trust, to sell or mortgage or to lease, at discretion, or if they are to convey the property in fee, or to divide it equally among certain persons, for to do any or all of these acts requires a legal fee."

By the terms of this will the absolute title is not only *prima facie* vested in the trustees by the terms of the devise, but it is clear that they can not perform the duties imposed upon them without having that title.   To say that they take the title only during the life of Mrs. Green, is to wholly ignore the fact that by the express terms of their trust they are to perform active duties after her death.   They must then convey to the issue of Mrs. Green, if she leaves any, not jointly or as tenants in common, (as seems to be assumed,) but in such shares as the mother shall, by her last will and testament, direct.   Had section 21 continued to be a part of the trust estate until the period of distribution, and had Mrs. Green left issue, the trustees might have been directed by her, in her last will, to convey it all to one of such issue to the exclusion of all others, giving them other property.   If it had continued to be a part of such estate, and she made no appointment or direction as to the shares and proportions in which it should be conveyed, still more responsible duties would devolve upon the trustees.   They must, in that event, first divide the estate into equal shares among the issue of Mrs. Green, if she

leaves any, and then convey it in such equal shares. They might unquestionably, under that power, convey all or any portion of said section to one of such issue, if in doing so they could at the same time make an equal division of the entire estate. Moreover, the will contemplates that no issue may survive the daughter, and therefore directs the trustees in that event to convey to other parties. There is no more reason for saying the title to the trust estate will vest in the issue of the daughter, at her death, without a conveyance, than if she dies without issue it will, without conveyance, vest in "the person or persons who by the present law of the State of New York, would have taken the same as heirs-at-law and next of kin of Hetty Howland Robinson if she had died seized and possessed thereof intestate." In any event the trustees must convey.

In *Kirkland* v. *Cox et al.* 94 Ill. 400, we were called upon to determine what title passed to trustees under the will of Michael Walsh, deceased, in which the devise was not different, in effect, from that in this will. Among other directions in the declaration of trust was the following: "The balance of my estate upon the happening of such contingency, viz, the death of my daughter without issue, I wish divided equally between," etc., naming four corporations. After quoting the foregoing rule from Perry on Trusts, we said: "The property is devised to the trustees to sell and convey if they deem it advisable, or to hold and control it until it is to be transferred as directed; and in the contingency that has arisen, it was intended that it should be the duty of the trustees to make the equal division of the property between the corporations designated, and convey it accordingly, for the grant to these corporations is in severalty, and not as tenants in common, and their title must necessarily rest on the conveyance of the trustees." So here, if for no other purpose, the trustees must hold the title after the death of the daughter, in order that

they may, if the contingency named in the trust arises, divide the estate and convey it in severalty.

Many cases are cited by the learned counsel for appellants in support of their contention that the estate of the trustees is only for the life of Mrs. Green, some of which are said to be directly in point. They are all distinguishable from this case in the fact that here active duties are imposed upon these trustees, to be performed after the death, and which can not be known until that time. No beneficial results could be obtained by a review of those cases. We have been unable to find in any one of them a principle in conflict with the views here expressed.

It is also to be observed that by the sixth clause of this will the trustees are given power to sell and convey any or all of the realty belonging to the trust estate, and by the fifth clause they are to "convey, transfer," etc., the estate, real and personal, *as it exists at the death of the daughter,* thus showing that the testator contemplated that a change in his realty between the time of his death and the time of distribution, by sales and conveyances by the trustees, might take place.

If we keep in mind the distinction between a mere contingent future interest in the trust estate generally, and a present title or interest in said section 21, the case is free from difficulty. Notwithstanding the fact that these appellants may have an expectancy in the trust estate as it shall exist at the death of their mother, that does not entitle them to be made parties to every suit that the trustees may be called upon to bring or defend, in order to preserve their trust. As was said in *American Bible Society et al.* v. *Price,* 115 Ill. 644: "The title is in the trustees, and the duty is imposed upon them to protect and preserve this interest for whomsoever shall be ultimately entitled to it. They are parties to the suit, and they stand for and represent in this litigation the ownership ultimately entitled to this fund, and such ownership is bound by their representation." So we say here, the

title was in the trustees when the Peters suit was brought. They were parties to the action, and they stood for and represented in that litigation all parties having a future interest in the trust estate. These appellants are bound by that representation. See, also, *Temple* v. *Scott et al. post,* 290.

The decree of the circuit court is in harmony with the views here expressed, and will be affirmed.

*Decree affirmed.*