HARRY C. TEEL *et al.*

*v.*

JOHN J. DUNNIHOO *et al.*

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

1. JUDGMENTS AND DECREES—*equity may entertain bill by infant to impeach decree.* A court of equity may entertain a bill on behalf of minors to impeach a decree for fraud or for errors of law appearing upon the face of the record, and such bill may be filed during minority or within the period allowed after majority for prosecuting a writ of error.

2. SAME—*when decree will not be set aside.* A decree will not be set aside at the suit of a minor where the court had jurisdiction of the parties and of the subject matter, and persons who were not parties to the suit have, in good faith and in reliance upon the decree, acquired interests in the subject matter of the suit.

3. SAME—*what does not overcome finding of jurisdiction.* Recitals in a decree finding that the court had jurisdiction of the subject matter and that the parties had been served with process or entered their appearance are not overcome, upon collateral attack, by the return of the summons issued against a defendant named Nona Stocks showing service upon "Noma" Stocks, nor by the entry of appearance of the other defendants, in which the defendant Nona Stocks appeared to be a complainant.

4. SAME—*when a decree on bill to reform deed is inoperative.* Upon a bill to reform a deed by striking out the words "her bodily heirs," if the decree finds such words were improperly inserted but instead of ordering them to be stricken out of the deed directs the defendants or the master in chancery to make a new deed, the decree, and the master's deed executed in pursuance thereof, are inoperative, and do not divest the title vested in the children of the grantee under the words "her bodily heirs," and are not to be considered in determining the right of such children to partition, even as against subsequent purchasers.

APPEAL from the Circuit Court of Williamson county; the Hon. A. K. VICKERS, Judge, presiding.

F. W. RAYMOND, for appellants.

JAMES H. MARTIN, WILLIAM W. CLEMENS, and WILLIAM H. WARDER, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Williamson county sustaining a demurrer to, and dismissing for want of equity, a bill in chancery filed by Harry C. Teel and Nona Teel, and Elmo Stocks, by his guardian, John Stocks, against the appellees, for the partition between Nona Teel and Elmo Stocks of the west half of the southwest quarter of section 22, and the north-east quarter of the north-east quarter of section 28, in township 8, south, range 2, east of the third principal meridian, Williamson county, Illinois, and to impeach and set aside as a cloud upon the title of Nona Teel and Elmo Stocks, for fraud and for errors of law appearing upon the face of the record, a certain decree entered by the circuit court of Williamson county on April 17, 1891, in a suit in chancery then pending in said court wherein Mary E. A. Stocks and John Stocks were complainants and Nona Stocks, William L. Henderson and Harriet Henderson were defendants, and wherein it was found by the court that William L. Henderson and Harriet Henderson by deed conveyed to said Mary E. A. Stocks and "her bod-

ily heirs," on the 17th day of August, 1886, said described lands, and that the words "her bodily heirs" were improperly inserted in said deed, and that said Mary E. A. Stocks was entitled to have said deed corrected by eliminating therefrom the words "her bodily heirs," and decreed that said William L. Henderson, and Harriet, his wife, execute a good and sufficient warranty deed conveying to Mary E. A. Stocks said lands in fee simple, without any qualification or restriction whatever, within sixty days, and that in default of the execution and delivery of said deed the master in chancery of said court execute a deed of conveyance conveying to Mary E. A. Stocks, in fee simple, said lands; also to set aside and cancel as a cloud upon the title of Nona Teel and Elmo ·Stocks a master's deed made to Mary E. A. Stocks in pursuance of the terms of said decree; also to set aside and cancel certain deeds made by Mary E. A. Stocks, and her grantees, to said lands, through which the parties now in possession of said lands claim title.

It appears from the averments of the bill filed in this case that Mary E. A. Stocks was a daughter of William L. Henderson and Harriet Henderson; that on the 17th day of August, 1886, William L. Henderson and Harriet Henderson conveyed to Mary E. A. Stocks and "her bodily heirs" the land in question for $1000, and that Mary E. A. Stocks and her husband, John Stocks, immediately moved upon the lands and improved the same and made their home thereon for a number of years; that on February 18, 1891, Mary E. A. Stocks and husband, and after the birth of their child Nona and when she was of the age of three years, filed a bill in chancery against Nona Stocks, William L. Henderson and Harriet Henderson for the purpose of having corrected said deed by striking out therefrom the words "her bodily heirs;" that upon the hearing upon said bill the court made the findings and entered the decree above referred to; that William L. ‘Henderson and Harriet Henderson failed to make a deed as provided by said decree, whereupon the

master in chancery executed a deed to Mary E. A. Stocks in accordance with the terms of said decree; that Mary E. A. Stocks subsequently sold and conveyed said lands by absolute deed, and the lands have been transferred from time to time by her grantee and his grantees, and are now in the possession of persons who were not parties to said chancery suit commenced by Mary E. A. Stocks and husband against Nona Stocks and William L. and Harriet Henderson; that Mary E. A. Stocks died on October 21, 1902, leaving her surviving her husband, John Stocks, and Nona Teel, born March 21, 1887, and Elmo Stocks, born August 22, 1891, as her children and sole heirs-at-law, and that said Nona Teel was about eighteen years of age and said Elmo Stocks about fourteen years of age at the time this bill was filed.

The decree of April 17, 1891, is sought to be impeached, and the court is asked to annul, set aside and disregard the same, on the grounds, first, that the court did not have jurisdiction of the persons of Nona Stocks and William L. Henderson and Harriet Henderson; second, that the guardian *ad litem* appointed for Nona Stocks neglected and failed to properly represent and protect the interests of Nona Stocks; third, that the testimony of John Stocks, Mary E. A. Stocks and William L. Henderson, upon which the finding in the decree was based, that the words "her bodily heirs," found in the deed from William L. Henderson and Harriet Henderson to Mary E. A. Stocks, were improperly inserted in said deed, was false; and fourth, that the deed from William L. Henderson and Harriet Henderson to Mary E. A. Stocks conveyed to Mary E. A. Stocks a life estate in said lands only, and that the fee simple estate therein vested in Nona Teel and Elmo Stocks, and that the decree entered by the court in said chancery case, and the deed of the master in chancery based thereon, did not have the effect to divest said Nona Teel and Elmo Stocks of their title in and to said lands, and that the title to said lands was in Nona Teel and Elmo Stocks at the time of filing the bill herein in fee simple.

The complainants, in the bill filed in this case, set out their title to said lands as derived through the deed made by William Henderson and Harriet Henderson to Mary E. A. Stocks and "her bodily heirs;" also copies of the bill filed in the suit commenced by Mary E. A. Stocks and husband, the master's report, the evidence taken before the master and the decree entered by the court in that case, and the master's deed by which it was sought to divest them of their title to said lands; also the chain of title of the parties now alleged to be in possession of the lands, showing those parties deraigned title through the decree entered in said chancery suit and the master's deed based thereon, and averred that said decree and master's deed did not have the effect to divest them of their title. The defendants demurred to the bill, and thereby admitted to be true all the facts properly pleaded in said bill, and the question is presented for decision here, whether the decree entered in the chancery suit commenced by Mary E. A. Stocks and husband, and the master's deed based thereon, divested the complainants of their title to said lands.

It is clear a court of equity in this State may entertain an original bill on behalf of a minor to impeach a decree for fraud or for errors of law appearing upon the face of the record, (*Loyd* v. *Malone,* 23 Ill. 41; *Kuchenbeiser* v. *Beckert,* 41 id. 172; *Gooch* v. *Green,* 102 id. 507; *Lloyd* v. *Kirkwood,* 112 id. 329; *Haines* v. *Hewitt,* 129 id. 347; *Griswold* v. *Hicks,* 132 id. 494; *Crane* v. *Stafford,* 217 id. 21;) and that such bill may be filed during minority, or within the period allowed after majority for the prosecution of a writ of error. (*Haines* v. *Hewitt, supra; Crane* v. *Stafford, supra.*) When, however, the court entering the decree had jurisdiction of the parties and the subject matter of the suit, and persons who were not parties to the suit and who have dealt with the subject matter of the suit in good faith, relying upon the decree, have acquired interests in the subject matter of the suit, the court will not set aside the decree

and thereby divest and destroy their interests in the subject matter of the suit. (*Hedges* v. *Mace,* 72 Ill. 472; *Lloyd* v. *Kirkwood, supra; Lambert* v. *Livingston,* 131 id. 161.) The court, in the decree sought to be impeached by the bill filed in this case, found Nona Stocks had been duly served with process, and that William L. Henderson and Harriet Henderson had entered their appearance in said cause, and that the court had jurisdiction of their persons and the subject matter of the suit, and, as against a collateral attack upon that decree, (which this suit must be held to be,) we think the findings in the decree that the parties had been duly served with process or had entered their appearance, and that the court had jurisdiction of the parties and of the subject matter of the suit, are not overcome by the return of the sheriff upon a summons found among the files of the case, issued against Nona Stocks, that he had served "Noma" Stocks, or by a paper found among the files purporting to be the written appearance of William L. Henderson and Harriet Henderson, from which it appears Nona Stocks was a complainant, and not a defendant. The bill filed in that case was sufficient to give the court jurisdiction of the subject matter of the suit, and the court having found it had jurisdiction of the parties, which was a matter upon which it was authorized to adjudicate, the fact that errors may have afterwards intervened on the hearing or in the entering of the decree would not have the effect to defeat the title of the defendants, who dealt in good faith with the property, relying upon such decree, if the effect of the decree was to divest the title of the complainants. (*Hedges* v. *Mace, supra.*) If, however, the decree entered in that case, and the master's deed based on that decree, did not have the effect to divest the complainants of their title to said lands, but the decree was inoperative in that regard, the decree may be disregarded as being inoperative, and the title to said lands still be held to remain in the complainants.

It is clear the deed made by William Henderson and Harriet Henderson to Mary E. A. Stocks and "her bodily heirs" had the effect to vest only a life estate in the lands in Mary E. A. Stocks, and the fee thereof, upon the birth of Nona Stocks and Elmo Stocks, vested in them as her bodily heirs, (*Frazer* v. *Board of Supervisors of Peoria County,* 74 Ill. 282; *Hagan* v. *Waldo,* 168 id. 646; *Kyner* v. *Boll,* 182 id. 171; *Atherton* v. *Roche,* 192 id. 252;) and by the execution and delivery of said deed to Mary E. A. Stocks the title to said lands passed out of William L. Henderson and Harriet Henderson, and they had remaining therein no title in the lands which they could thereafter convey to Mary E. A. Stocks by a second deed, and thereby impair the fee simple title which they had already conveyed to Nona Teel and Elmo Stocks. (*Frazer* v. *Board of Supervisors of Peoria County, supra; Kyner* v. *Boll, supra.*) And while a court of equity, upon a proper bill supported by the requisite proof, could have corrected the alleged error in the deed by striking out the words "her bodily heirs," (*Kyner* v. *Boll, supra,*) such was not the effect of the decree of the court. The recital in the decree that the words "her bodily heirs" were improperly incorporated in the deed and that Mary E. A. Stocks was entitled to have the deed corrected was no part of the mandatory part of the decree and did not operate to correct what was found to be an error in the deed. The mandatory part of the decree was, that William L. Henderson and Harriet Henderson execute and deliver to Mary E. A. Stocks a deed conveying to her the absolute title to said lands, and in case of their default the master make the deed. If the deed ordered by the court to be made had been voluntarily executed by William L. Henderson and Harriet Henderson, it would have been fruitless to transfer any title in the lands to Mary E. A. Stocks which she did not then have or to divest the title already conveyed to Nona Stocks and Elmo Stocks, and had a deed been made by William L. Henderson and Harriet Henderson under the decree, in the

form in which it was entered, its effect would have been the same as a deed voluntarily made by William L. and Harriet Henderson, and the fact that it was made under the direction of the court would not have added any force to it as a conveyance. Nor did the fact that the deed was executed by the master in default of one having been executed by William L. Henderson and Harriet Henderson have any effect to transfer title which would not have been conveyed by the deed had it been executed by William L. Henderson and Harriet Henderson, as the statute expressly provides that a deed made by a master in chancery for and on behalf of a party ordered to execute a deed by the court, who has made default, shall have only the effect to convey the title which the party ordered to make the deed would have conveyed had he complied with the order and executed a deed. (Hurd's Stat. 1903, chap. 22, sec. 46.)

We think it therefore clear that the decree entered in the chancery suit commenced by Mary E. A. Stocks and husband, and the master's deed based upon that decree, did not divest the fee simple title of the complainants in said lands, and are of the opinion that decree should have been disregarded by the court in determining in whom the title to said lands was vested. The complainants, therefore, as appears from the averments of their bill filed in this case, were the owners of the fee simple title to said lands and were entitled to have the clouds resting thereon removed and have a partition of said lands, and the court erred in sustaining a demurrer to their bill.

The decree of the circuit court will therefore be reversed and the cause remanded to that court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*