CHARLES C. HOPKINS, Appellee, *vs.* GEORGE S. PATTON, Appellant.

*Opinion filed February 20, 1913.*

1. JUDGMENTS AND DECREES—*when unborn children are bound by decree.* Where all the living children of the complainant are made parties to a bill to have title to land declared to be in him, any children of the complainant who may afterward be born are bound, under the doctrine of representation, by a decree finding the title to be in the complainant.

2. REAL PROPERTY—*title of a purchaser not affected by reversal of decree on a writ of error.* If there is no appeal from a decree finding the fee simple title to land to be in the complainant a purchaser who buys the land on the faith of such decree will be protected, and his title will not be affected by a subsequent reversal of the decree on a writ of error, where the court had jurisdiction of the subject matter and of all living persons interested in the land.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

F. O. HANSON, for appellant.

RAYBURN & BUCK, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 9, 1912, Charles C. Hopkins, appellee, and George S. Patton, appellant, entered into a contract whereby appellee agreed to convey by warranty deed to appellant the south-east quarter of section 32, in town 25, range 4, in McLean county, and to furnish an abstract of title thereto brought down to October 1, 1912, showing a merchantable title clear of all encumbrances except a trust deed for $13,000, and appellant agreed to pay for the land $33,600, of which $1000 was paid in cash. On October 1, 1912, appellee tendered to appellant an abstract of title and a warranty deed made and acknowledged by himself and wife. Appellant refused to accept the deed and pay the balance of the purchase price, on the ground that the title shown by the abstract was not merchantable. On October 2, 1912, appellee filed in the circuit court of said county the bill of complaint in this case to compel the specific performance of the contract by appellant. Appellant answered the same day, denying that the title shown by the abstract was merchantable, and the cause was heard by the chancellor, who found that the title shown was a fee simple and merchantable. The specific performance of the contract was decreed, and this appeal was taken.

The abstract showed a deed from Robert M. Hopkins, in 1883, to appellee, "Charles C. Hopkins, and to the heirs of his body." It also showed that Robert Hopkins subsequently died intestate, and after his death his other children, brothers and sisters of appellee, executed quit-claim

deeds of the land to the said "Charles C. Hopkins life estate and the remainder to the heirs of his body in fee simple." Appellee filed his bill in the circuit court of McLean county to the April term, 1912, making his living children defendants, and they were duly served with process. The original bill admitted a remainder in fee in the children and prayed for a sale for the purpose of re-investment, but the bill was amended so as to allege that the appellee owned the whole of the fee simple title in the land. A guardian *ad litem* was appointed for the children who were minors and the guardian answered for them. The court, on June 15, 1912, entered a decree finding that the fee simple title to the land was vested in appellee free from any and all claims of the defendants in the suit.

Appellant refused to perform the contract on his part because the fee simple title was not in appellee, or the title was at least doubtful and such as would invite and expose him to litigation. The particular objections to the title are, that the decree was subject to review during the period provided by the statute for suing out writs of error, and as to the minors the time of their disability was to be excluded from said period; that the list of defendants was intended to include the possible children of appellee not yet in being, and that the affidavit for publication and notice to unknown owners did not comply with the statute.

The circuit court had jurisdiction of the subject matter and of all living parties who had any interest therein, and no appeal was taken from the decree nor had any writ of error been sued out from an appellate tribunal to review it. An appeal is a continuation of the same suit, but no appeal having been taken the suit was at an end. The suing out of a writ of error is the commencement of a new suit to annul or set aside a judgment or decree, and the title of a purchaser will not be affected by a subsequent reversal of a decree on a writ of error even if the purchaser is made

a party to the proceeding to reverse the decree. *Wadhams* v. *Gay,* 73 Ill. 415; *Eldridge* v. *Walker,* 80 id. 270; *Barlow* v. *Standford,* 82 id. 298; *Montanye* v. *Wallahan,* 84 id. 355; *Mulvey* v. *Gibbons,* 87 id. 367; *Hannas* v. *Hannas,* 110 id. 53; *Chicago and Northwestern Railway Co.* v. *Garrett,* 239 id. 297; 2 Cyc. 511.

There was a possibility that children might be born to appellee after the decree, but the living children were made parties and had interests identical in character with any children that might be born afterward. Every defense that afterborn children could make was available to those who were made defendants, and it would be unjust that the determination of appellee's title should be postponed until there should no longer be a possibility of a child being born to him. In such a case, where the living members of a class are made defendants, any members of the same class who may be born afterward are bound by the decree under the doctrine of representation. (*Hale* v. *Hale,* 146 Ill. 227; *McCampbell* v. *Mason,* 151 id. 500; *Gavin* v. *Curtin,* 171 id. 640; *Thompson* v. *Adams,* 205 id. 552; *Denegre* v. *Walker;* 214 id. 113.) Appellant would be protected against any subsequent litigation concerning the title by anyone who was a party to the suit or bound by it under the rule stated.

The affidavit for publication of notice to unknown owners is criticised, but there was a stipulation in this suit that it did not appear from the chain of title to the premises that there were persons interested in the same whose names were unknown. The question raised respecting the affidavit is therefore immaterial.

The decree is affirmed.

*Decree affirmed.*