MONTGOMERY et al. v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

No. 5645.

Circuit Court of Appeals, Seventh Circuit.

April 20, 1936.

Harold F. Trapp and Lyman S. Mangas, both of Lincoln, Ill., for appellants.

Henry I. Green, William G. Palmer, Oris Barth, and Enos L. Phillips, all of Urbana, Ill., for appellee.

Before SPARKS and ALSCHULER, Circuit Judges, and BALTZELL, District Judge.

SPARKS, Circuit Judge.

Appellee instituted this action to foreclose a mortgage upon fifty acres of land in Logan county, Illinois. The action was brought against Johanna Montgomery, her husband, Walter, and their five children. Other parties defendant were joined, but their interests, if any, were inferior to appellee's lien, and are immaterial to the questions here presented. The bill also prayed that any claims of the children be removed by the decree as clouds upon the title, and that they be enjoined from claiming or asserting any right, title or interest in the mortgaged premises. The youngest child was twenty-four years of age at the time of the trial, and all parties stipulated that no question of multifariousness of the bill would be raised, and that the court might determine whether or not the children had any interest in the premises. The District Court found and decreed that

the children had no interest therein and entered a decree of foreclosure. From that decree the children of Johanna Montgomery have appealed.

The District Court found the facts specially, and, so far as they are material to the issue here presented, they are substantially as follows: Jeremiah M. Ryan, the father of Johanna Montgomery, died testate at Logan county, Illinois, on May 26, 1896, leaving as his only heirs at law, his following named children: James, Katie, Ellen and Johanna Ryan, Mary Reichle, and Maggie Knecht. The testator's will was probated in the Logan county court on May 29, 1896, and by its sixth clause the real estate involved in this proceeding was devised to Johanna Ryan "to have and to hold for and during her life, with remainder to her children in fee simple absolute forever." By its tenth clause, all of the testator's property not specifically devised or bequeathed by the will, was bequeathed and devised as a residuary estate to the testator's children "share and share alike, to have and to hold for their own use and behoof forever."

On March 19, 1898, the testator's executor filed in the Logan county court a petition to sell certain of the testator's real estate, including the real estate here involved, to pay the decedent's debts. All the children, heirs at law and residuary devisees of the deceased were made parties to said proceeding, and that court acquired jurisdiction over all the parties by service of process and entry of appearance. After a hearing, a decree was entered by the court ordering the sale of certain real estate owned by decedent at the time of his death, including that here involved, to pay decedent's debts. No appeal or writ of error to review that decree was ever taken, and it remains in full force and effect. Pursuant thereto, all the real estate therein involved was advertised for sale, and the premises involved in the action now before us were bid in at public sale by the daughter, Johanna Ryan, and the execu-

tor's report of the sale was approved by the Logan county court. Thereupon the executor, under date of June 20, 1898, executed and delivered to Johanna Ryan, his executor's deed conveying to her all the real estate so bid in by her, which deed was filed for record in the Logan county recorder's office on June 24, 1898, and properly recorded. That deed, after reciting the receipt of the amount bid, stated that it conveyed to Johanna Ryan all the interest of decedent therein at the time of his death. Johanna Ryan was unmarried until December 17, 1903, when she married Walter Montgomery. Appellants are the only children ever born to her. The court specifically found that their claim that the decree in the proceeding to sell decedent's real estate to pay his debts was obtained through fraud, was not supported by the evidence, and that no fraud was committed with respect thereto.

On April 23, 1928, Johanna Montgomery and her husband executed their note in suit for borrowed money in the principal sum of $4,500 payable on an amortization plan, with a provision for acceleration of payment in case of default. On the same date, to secure the payment of this note, they executed their mortgage deed to appellee conveying the fee of the premises now in issue with a condition of defeasance in case of payment according to the terms of the note. Defaults in payment began in 1933, and this proceeding was instituted in February, 1934.

Since the execution and delivery of the mortgage, appellants have claimed an interest in the mortgaged premises under the will of their grandfather, and the only question here raised is what is the extent of that interest, if any.

The District Court's conclusions of law, insofar as they affect that issue are quite clearly and cogently expressed, and we set them forth in the margin.[1]

■ In the proceeding to sell real estate to pay debts, the Logan county court had

[1] "VIII. That at the time of the institution of the proceedings * * * to sell the real estate hereinabove described, for the payment of debts of * * * deceased, * * * Johanna Montgomery, then Johanna Ryan, was the owner of a life estate in said real estate, and the reversionary fee simple interest therein was held and owned by the children of * * * deceased, who constituted his heirs at law and residuary

devisees under his last will and testament.

"IX. That under the terms and provisions of the last will and testament of * * * deceased, there was a contingent remainder to the unborn children of Johanna Ryan, now Johanna Montgomery.

"X. That whatever interest in the real estate * * * passed to the heirs at law, devisees or beneficiaries of

jurisdiction of the subject matter. Constitution of Illinois (1870), article 6, § 18; Figge v. Rowlen, 185 Ill. 234, 57 N.E. 195; Bostwick v. Skinner, 80 Ill. 147. Cf. Ex parte Watkins, 3 Pet. 193, 7 L.Ed. 650. County courts are courts of limited but not inferior jurisdiction, and, when adjudicating upon the class of questions over which they have general jurisdiction, as liberal intendments will be indulged in their favor as will be extended to the proceedings of circuit courts. Propst v. Meadows, 13 Ill. 157; Pike v. City of Chicago, 155 Ill. 656, 40 N.E. 567; Fecht v. Freeman, 251 Ill. 84, 95 N.E. 1043. Jurisdiction of the subject matter is the power to inquire and adjudge whether the facts of a particular case make that case a proper one for jurisdictional consideration by the judge before whom it is brought. Lange v. Benedict, 73 N.Y. 12, 29 Am.Rep. 80. Jurisdiction of the subject matter is the power to decide concerning the general question involved. It is not the exercise of that power. If a bill states a cause of action which belongs to a general class over which the court's authority extends, jurisdiction attaches and no error committed by the court in the rendition of the judgment can render the judgment void. Miller v. Rowan, 251 Ill. 344, 96 N.E. 285. It is the power to decide, regardless of whether that decision be right or wrong. Gibbs v. Andrews, 299 Ill. 510, 132 N.E. 544. Jurisdiction does not depend upon the state of facts which may appear in a particular case arising, or which is claimed to have arisen under that general question. Hunt

* * * deceased, was subject to the payment of his debts.

"XI. That in order to make a valid sale of said real estate for the payment of said indebtedness, it was not necessary that the Executor should postpone proceedings for the sale thereof until such time as contingent remainders would, if ever, become vested.

"XII. That in said proceedings to sell real estate to pay debts, all living persons having any vested interest in the real estate hereinabove described, were made parties to said proceeding, and that any and all persons thereafter born and claiming any interest in said premises were represented in said proceeding to sell real estate to pay debts by living persons having an identity of interest in the subject matter of said proceedings, and that all such persons and all contingent interests and all contingent remaindermen in the said real estate were bound by the decree entered in said cause and the proceedings had and done in obedience to and compliance with said decree entered by the County Court of Logan County, Illinois.

"XIII. That the County Court * * * insofar as the same related to the real estate involved * * * had jurisdiction of the subject matter of said proceeding and over the persons of all parties having any interest in said real estate * * * and that the decree of said County Court is not subject to collateral attack.

"XIV. That * * * the interests of all of the parties before the Court in that proceeding, or which under the doctrines of representation were represented by persons before the Court * * * were disposed of in the proceeding to sell real estate to pay debts.

"XV. That the life estate of Johanna Ryan in said lands was sold; that all reversionary interests in said land in fee simple were sold; that the contingent remaindermen were properly represented by living persons before the Court, and the entire interest in said lands owned by * * * deceased at the time of his death, was sold pursuant to said decree.

"XVI. That irrespective of the doctrine of representation, both the life estate of Johanna Ryan and the reversionary interests in fee simple were sold pursuant to said proceedings, and there was a merger of the life estate and reversionary fee simple interests in the purchaser who acquired the absolute fee simple title to said real estate.

"XVII. That the complainant, having advanced its money upon the faith of the record of the title to the mortgaged real estate as disclosed by the records of Logan County, Illinois, it is in the position of a bona fide purchaser for value and was entitled to rely upon the County Court decree ordering the sale of the said real estate for the payment of debts, and that the claims of all of the defendants to this proceeding are subject to the lien of complainant's mortgage.

"XVIII. * * * that the claims of the defendants, Harold Montgomery, Hazel Montgomery, Lorene Montgomery, Kenneth Montgomery and Donald Montgomery, should be removed by decree of this Court as clouds upon the title of said mortgaged premises, and said defendants perpetually enjoined from claiming or asserting any right, title or interest in said mortgaged premises, or any part thereof."

v. Hunt, 72 N.Y. 217, 28 Am.Rep. 129. The fact that a court of general jurisdiction renders a decree, raises a presumption, as against a collateral attack, that it had jurisdiction both as to the subject matter and the parties, even though the decree contains no recital of notice to the defendants by service of process or otherwise. Horn v. Metzger, 234 Ill. 240, 84 N. E. 893. See, also, Bradley v. Drone, 187 Ill. 175, 58 N.E. 304, 79 Am.St.Rep. 214.

We are convinced that the Logan county court also had jurisdiction of the persons of the parties to the proceeding to sell the real estate to pay decedent's debts, and over all the contingent interests in that real estate. The appellants in this case, although not in esse at the time of the decree of sale, had contingent interests in the real estate in question. The general rule is that in proceedings in equity, the interests of parties not before the court will not be bound by the decree. However, this rule is subject to the exception known as the doctrine of representation, and where it appears that a particular party, though not before the court in person, is so far represented by others that his interests receive actual and efficient protection, the decree may be held binding on him.

As parties not in esse cannot be brought before the court in person, the doctrine of representation is especially applicable to them, particularly where the interests of all parties require a decree which will completely and finally dispose of the subject matter of the litigation; and if persons in being are before the court who have the same interests and are equally certain to bring forward the merits of the interests of parties not in esse, so as to give such interests effective protection, justice requires that there should be a complete decree. See Weberpals v. Jenny, 300 Ill. 145, 133 N.E. 62, 65; McFall v. Kirkpatrick, 236 Ill. 281, 86 N.E. 139; Hale v. Hale, 146 Ill. 227, 33 N.E. 858, 20 L.R.A. 247; McCampbell v. Mason, 151 Ill. 500, 38 N.E. 672. The Supreme Court of Illinois with unanimity has held that where a purchaser buys land on the faith of such a decree, his title will not be affected by any subsequent impeachment of the decree or a writ of error, where the court had jurisdiction of the subject matter and all of the living persons interested in the land. Hopkins v. Patton, 257 Ill. 346, 100 N.E. 992; Kuzak v. Anderson, 267 Ill. 609, 108 N.E. 662; Smith v. Herdlicka, 323 Ill. 585, 154

N.E. 414. While it is true that all persons who are legally or equitably interested in the subject matter of a suit must be made parties before they can be bound by the decree, yet the interest contemplated by such rule is always a present substantial interest, as distinct from a mere expectancy or a future contingent interest. McFall v. Kirkpatrick, 236 Ill. 281, 86 N.E. 139; Green v. Grant, 143 Ill. 61, 32 N.E. 369, 18 L.R.A. 381. See, also, Temple v. Scott, 143 Ill. 290, 32 N.E. 366.

It is well settled in Illinois that a decree of a court of general jurisdiction cannot be impeached for fraud or for errors of law where the court had jurisdiction of the parties and the subject matter. This rule is especially applicable where persons who are not parties to the suit have in good faith and in reliance upon the decree acquired an interest in the subject matter of the suit. See Allison v. Drake, 145 Ill. 500, 32 N.E. 537; Teel v. Dunnihoo, 221 Ill. 471, 77 N.E. 906, 112 Am.St.Rep. 192; Hopkins v. Patton, supra. In Weberpals v. Jenny, supra, the court said, "Granting that the court had jurisdiction, it is altogether immaterial, when the decree is collaterally called in question, how grossly irregular and manifestly erroneous the proceedings may have been. The decree cannot be regarded as a nullity, and cannot therefore be collaterally impeached. Such a decree is binding on the parties, and on every other court, unless reversed or annulled in the direct proceeding. * * * No appeal was taken from either of these decrees, and therefore the suits are both at an end. The owner of the land in question would therefore be protected against any subsequent litigation concerning the title by any one who was a party to the suit, or who would be bound by the decree under the doctrine of representation." See, also, Harris v. Lester, 80 Ill. 307.

It was claimed by appellants that it was unnecessary for the land in question to be sold in order to pay the debts of the decedent, but this is a matter which appellants will not be permitted to dispute in their collateral attack. Bowen v. Bond, 80 Ill. 351; Stow v. Kimball, 28 Ill. 93; People v. Miller, 339 Ill. 573, 171 N.E. 672.

It was further contended by appellants that certain of the children of Jeremiah M. Ryan, who were parties to the proceedings for the sale of the real estate, and who under the will were life tenants of certain of the real estate there-

in involved, were guilty of fraud and collusion in procuring the decree of sale. By decedent's will he had devised a farm to each of his children. The gift to Ellen was in fee simple; but to each of the others the gift was the same as the gift to Johanna, under the sixth clause of the will, in all respects except as to the description of the land. No specific fraudulent or collusive act was alleged or proven. To support this charge, however, appellants rely upon the case of Leininger et al. v. Reichle et al., 317 Ill. 625, 148 N.E. 384. That suit was for partition and involved the land devised by this decedent to his daughter, Mary Reichle, sold under the same proceedings to sell the decedent's real estate to pay his debts which is now before us for consideration. Mary Reichle had died prior to the partition suit. Ten children were born to Mary and her husband, three of whom were born prior to the proceedings to sell the real estate to pay Ryan's debts. The other seven children were born subsequent to the executor's sales under that decree. One of the younger children died February 6, 1911, at the age of eleven years, and another died December 27, 1917, at the age of five years.

The partition suit was instituted by the three older children against the five remaining children, who were minors, and against two other adverse claimants whose names are not here material. The record in that case disclosed that the three plaintiffs, children of Mary Reichle, were in esse when the executor's petition to sell the real estate to pay debts was filed, and that they were not made parties to that action. It was held that the sale of the Reichle land was void as to the three living grandchildren because they were not made parties to the decree of sale, and was subject to collateral attack in the subsequent suit by them for partition.

It is urged by appellants that the Leininger Case held that the entire proceeding to sell to pay the debts of the testator was collusive and fraudulent and void, and was not for the purpose of charging testator's debts upon his real estate but was for the purpose of depriving the grandchildren of their interest under the will. This is not true. None of the descendants of the testator were parties to the Leininger Case except the children of Mary Reichle, and only they can be bound by the decree. The collateral attack upon the decree of sale was permitted solely because the three then living children of Mary were not parties to that decree. We are not here concerned with the evidentiary facts in that case, if any, which tended to prove collusion and fraud, or with the findings of the court with respect thereto. In the case at bar the District Court found that the charges of collusion or fraud were not supported by the evidence, and that no fraud was committed in obtaining or procuring the decree of sale. We are not at liberty to disregard that finding, and we find nothing in the record to support a charge that wrong was perpetrated by or upon the court in aid of its jurisdiction to enter the decree of sale. Under these circumstances that decree cannot be attacked collaterally. If, after the assumption of jurisdiction, there was error of finding or judgment, the remedy was by direct attack as provided by the laws of Illinois. Since appellants did not desire to pursue that course they will not be heard to complain in this action. On account of their years of infancy the laws of Illinois protected each one until he or she was two years past majority, but they let that time pass without action of any kind, thus putting their approval upon the decree of sale and upon their mother's purchase at the executor's sale. The court approved that sale, and we think quite properly. Its effect was to merge her life estate and appellants' reversionary fee simple interests, and she thus acquired the absolute fee simple title of the real estate in issue.

Whatever criticism appellants may urge against their mothers' actions in this respect, they will not be heard against appellee's mortgage interest. It is not claimed that appellee was a party to any fraud. It loaned the money in good faith, and in doing so it relied upon the record title which was perfect on its face. With knowledge of all the facts appellants permitted that record to stand until the youngest child was twenty-four years of age, and in this they were guilty of laches.

Decree affirmed.