JOSEPH ZUCKERMAN

v.

B. F. HAWES.

*Filed at Ottawa June 19, 1893.*

1. APPELLATE COURT—*jurisdiction and presumption in favor of its acts.* The Appellate Court is a court of superior jurisdiction in the technical sense of that term, and its orders and judgments must be held to be supported by the presumptions which ordinarily prevail in support of the judicial acts of courts of that class.

2. APPEAL BOND—*justifying security.* A party, under a rule in the Appellate Court, was required to file a new appeal bond in the penal sum of $3000, and on the day the rule expired produced his bond in the sum of $5000, and called his surety to justify, who testified that he was worth more than $100,000; that he owned certain real estate,—one parcel worth $75,000 encumbered for $13,000, and another worth $12,000 encumbered for $3000, and that he owned other real estate but that it was all encumbered. The court refused to approve the security and to give the party further time in which to get another surety: *Held,* that the surety offered was sufficient and should have been accepted, and also that it was error to refuse further time to get other surety.

3. SAME—*approval of surety.* An appellant should not be required to furnish security which, in any and every event and under all possible circumstances, will certainly produce the amount of the bond without requiring any further outlay on the part of the appellee. To require security of that character in all cases would be highly oppressive, and would often be tantamount to a denial of the right to appeal. A reasonable discretion should be exercised in passing upon the sufficiency of the surety, and one should be required of such pecuniary ability as will, in all reasonable probability, enable the appellee to collect his bond.

4. SAME—*further time to procure surety in place of one refused.* Where a party, in obedience to a rule upon him to give a new appeal bond by a day named, on such day, in good faith, presents his bond with a person as surety, believing him perfectly good, and the court refuses to approve the bond, it will be error for the court to refuse to give further time to furnish another surety, and to dismiss the appeal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county.

Mr. B. M. SHAFFNER, for the appellant.

Mr. ALBERT H. MEADS, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court, dismissing the appellant's appeal to that court, at his costs, for a failure to comply with a rule requiring him to file a new bond. The suit was in forcible detainer, and was brought by the appellee against the appellant to recover possession of certain premises known as 288, Clark street, Chicago. In the Circuit Court the appellee obtained judgment for the recovery of the premises, and from that judgment the appellant took an appeal to the Appellate Court. On the 12th day of October, 1892, which was one of the days of the October term, 1892, of that court, on motion of the appellee, the appellant was ruled to file a new bond, in the penal sum of $5000, within thirty days from that date, with surety to be approved by the court. Again, on the 24th day of the same month, the appellee moved for a further rule on the appellant, requiring him to file another bond, and on that motion, a further order was entered, requiring the appellant to file a new bond, in the penal sum of $3000, on or before 10 o'clock, A. M., of October 31, 1892, with surety to be approved by the court, and it was further provided in the order, that on failure by the appellant to comply with its terms, his appeal should be dismissed, and also, if the new bond contemplated by that order should be filed, the former rule entered October 12, 1892, should remain in force.

On the 31st day of October, 1892, the appellant, by way of complying with the order of October 24, appeared and presented a new bond, in the penal sum of $5000, with Henry Cohn as surety, and Cohn was thereupon examined in open court as to his sufficiency as such surety. It is recited in the final order dismissing the appeal, that upon such examination,

the surety testified, "that he was worth to exceed the sum of $100,000; that he owned the corner of Chestnut and Wells streets, in the city of Chicago, worth the sum of $75,000, encumbered for $13,000; that he owned certain other real estate on Chicago avenue worth $12,000, encumbered for $3000; that he owned other real estate in the county of Cook, but all his real estate was encumbered." The court thereupon refused to accept him as surety or to approve the bond thus tendered. The appellant then asked for further time in which to procure another surety, which request was denied, and a judgment was immediately entered dismissing the appeal, and for costs. It is recited in the judgment order that the appellant excepted to these rulings, and by the present appeal he seeks to have the same reviewed by this court.

No question is made by counsel for the appellee as to the mode in which the evidence heard in the Appellate Court in justification of the appellant's surety, or the rulings of that court refusing to approve the bond offered, or to allow the appellant further time to procure another surety, are preserved in the record and brought to this court in the transcript. The case is argued on both sides upon the apparent assumption that all these proceedings are properly preserved in the record, and that being so, we shall assume, for the purposes of this decision, that such is the case, and shall consider the questions thus sought to be raised upon their merits.

· Although the record gives us no information as to the grounds upon which either of the orders requiring the appellant to file a new bond was made, still, as the contrary is not shown, we may presume that facts which justified their entry were presented. The Appellate Court is a court of superior jurisdiction, in the technical sense of that term, and its orders and judgments must be held to be supported by the presumptions which ordinarily prevail in support of the judical acts of courts of that class. The first question then is, whether, upon the facts shown in justification of the appellant's surety,

the court properly refused to accept the surety and approve the bond.

We are inclined to the opinion that the surety offered was sufficient and should have been accepted. He swears that he is worth $100,000 and over. If this be true, he is clearly a sufficient surety upon a bond for $5000. But the objection is that his property is all encumbered, and that the appellee, being compelled by law and without his own consent to accept as his security for his rents, damages and costs during the pendency of the appeal the personal obligation of the surety on the appeal bond, is entitled to a surety from whom his money can be collected, without the necessity of his advancing other large sums of money to make his security available. Admitting all that to be true, we are not prepared to say that the surety offered should have been rejected. He swears that he is the owner of one piece of real estate of the value of $75,000, and incumbered $13,000, and another worth $12,-000, incumbered $3000. If this be true, and nothing seems to have been shown to contradict it, it can scarcely be doubted that the surety's equity in these two pieces of property would at any time have sold in the market for a sum largely in excess of the penalty of the bond. If the surety then had been accepted, it can scarcely be said that it would have involved the appellee in the risk of being compelled to pay off one or both the mortgages in order to make his bond available. The appellant, in cases of this character, should not be held to furnish security which, in any and every event and under all possible circumstances, will certainly produce the amount of the bond, without requiring any further outlay on the part of the appellee. To require security of that character in all cases would be highly oppressive, and would often be tantamount to a denial of the right to an appeal. A reasonable discretion should be exercised in passing upon the sufficiency of the surety, and one should be required of such pecuniary ability

as will, in all reasonable probability, enable the appellee to collect his bond, if the appeal is decided in his favor.

But we need not rest our decision upon this ground alone. Even if the surety was properly held to be insufficient, the circumstances are such as to cast no suspicion upon the good faith of the appellant in tendering him. He was guilty of no trifling with the court, but submitted a bond which he doubtless supposed was sufficient, and until the court had passed upon it, he could not know or anticipate that it would be rejected. He was attempting in good faith to comply with the order of the court, and had good and substantial reasons for supposing that his bond would be approved. In view of these facts, it was clearly the duty of the court to grant his request for further time to furnish another surety. What length of time should be given was of course for the court to determine, but an absolute refusal to grant any time for that purpose, and instantly dismissing his appeal, was, under the circumstances, an abuse of discretion, which resulted in wrongfully depriving the appellant of the benefit of his appeal.

For the error in refusing to grant the appellant a reasonable time to furnish another surety, and dismissing the appeal for failure to comply with the rule to file a new bond, the judgment will be reversed, and the cause will be remanded to the Appellate Court for further proceedings. The transcript of the record of the Circuit Court having, under the provisions of the statute, been transmitted to and filed in this court, it will be returned to the Appellate Court as the basis of its further proceedings in that court.

*Judgment reversed.*