NO.  5-03-0320

(text box: 1) 

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

SHARON PRICE, 
et al.
, Individually )  Appeal from the

and on Behalf of All Others Similarly )  Circuit Court of

Situated, )  Madison County.

)

Plaintiffs-Appellees and )

Separate Appellees and )

Cross-Appellants, )

)

)  No.  00-L-112

)

PHILIP MORRIS, INC., )

)

Defendant-Appellant and )

Separate Appellee and )

Cross-Appellee, )

)

and )

)

FINKELSTEIN, THOMPSON & ) 

LOUGHRAN, )  Honorable

)  Nicholas G. Byron,

Petitioner-Separate Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

INTRODUCTION

This case involves the appeal of a money judgment entered by the circuit court of Madison County on March 21, 2003.  The judgment was entered in favor of the plaintiffs, Sharon Price, Michael Fruth, and a certified class of persons and against the defendant, Philip Morris, Inc. (Philip Morris), in the amount of $10.1 billion.  The appeal of the underlying judgment has not yet been briefed and argued.  We presently have before us two related matters.  The plaintiffs have filed a "Motion for Change of the Amount, Terms and Security of Appeal Bond."  Philip Morris has filed a motion "For Interim Stay Pending Further Review."  Extensive legal memoranda have been filed by all the parties, in support of and in opposition to these motions.  We, 
sua sponte
, set this case for oral argument limited to the issue of the interpretation of Supreme Court Rule 305 (155 Ill. 2d R. 305).  The parties presented valuable arguments for us to consider.

We will discuss the detailed positions of the parties later in this opinion.  Generally, however, the plaintiffs contend that Illinois Supreme Court Rule 305(a) (155 Ill. 2d R. 305(a)) mandates that in cases where the judgment is for money only, the enforcement of the judgment is stayed only if the bond is "in an amount sufficient to cover the amount of the judgment, interest and costs."  The plaintiffs claim that the bond approved by the circuit court in this case fails to comply with the mandates of that rule.

Philip Morris acknowledges that the bond approved by the circuit court does not satisfy the requirements of Rule 305(a).  Philip Morris contends, however, that Rule 305(b) (155 Ill. 2d R. 305(b)) and other provisions of Rule 305 vest the circuit court and this court with the discretion to stay the enforcement on other terms so long as such terms are "just."  Philip Morris represented to the circuit court and to this court that it is unable to post a bond that conforms to Rule 305(a) and that if required to comply it, will be forced into bankruptcy.

Philip Morris's motion "For Interim Stay Pending Further Review" only requires consideration if the issues concerning the bond are decided adversely to Philip Morris.  In that event Philip Morris requests a stay of enforcement to allow it to seek review by the Illinois Supreme Court.  The plaintiffs oppose such a stay.

FACTS

In order to resolve the motions before us we need only discuss briefly the underlying facts in this case.  The plaintiffs filed this case in the circuit court of Madison County, Illinois, against Philip Morris.  It was alleged that Philip Morris violated the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et seq
. (West 2000)) by engaging in certain marketing practices that the plaintiffs contended were false and fraudulent.  The plaintiffs further alleged that they had been damaged by these practices.  Philip Morris denied these claims in the trial court and continues to deny them on appeal.

During the course of the litigation, class action status was granted and a state-wide class was certified.  Following a bench trial, the circuit court found in favor of the plaintiffs and awarded $10.1 billion.  The award was allocated as follows:

Compensatory damages (including prejudgment interest) $7.1 billion

Punitive damages $3 billion

The punitive damages award was apportioned to the State of Illinois pursuant to section 2-1207 of the Code of Civil Procedure (735 ILCS 5/2-1207 (West 2000)).

As a part of the judgment, the circuit court set the amount of the Rule 305 appeal bond at $12 billion.  Subsequently, Philip Morris filed a motion to reduce the bond, citing an inability to post the bond that had been ordered.  Philip Morris also claimed that if it were compelled to post a $12 billion bond, it would be forced into bankruptcy and that other settlement obligations it owed to many states under its 1998 "Master Settlement Agreement" would be jeopardized.

Following several hearings, the circuit court modified the bond requirements.  A recitation of the precise terms is unnecessary.  For purposes of our decision it only matters that the "bond" approved by the circuit court is substantially less than the amount needed to cover the judgment, interest, and costs during appeal.  Stated differently, if the judgment is affirmed, the amount of security pledged would not be enough to satisfy what would be owed.

DISCUSSION

A.  General Principles

We will begin by setting forth the principles and rules that apply to the issues raised.  It is necessary at the outset to define certain terms to avoid confusion.

A stay or 
supersedeas
 has been defined as follows:  

"A stay ***, formally referred to as a 
supersedeas
, suspends enforcement of a judgment, and is intended to preserve the status quo pending the appeal and to preserve the fruits of a meritorious appeal where they might otherwise be lost."  
Stacke v. Bates
, 138 Ill. 2d 295, 302, 562 N.E.2d 192, 195 (1990).  

"The 
supersedeas
 operates against the enforcement of the judgment and not against the judgment itself."  
Gumberts v. East Oak Street Hotel Co.
, 404 Ill. 386, 389, 88 N.E.2d 883, 885 (1949). 

In contrast, a 
supersedeas 
bond/appeal bond has been defined as "[a]n appellant's bond to stay execution on a judgment during the pendency of the appeal."  Black's Law Dictionary 171 (7th
 ed. 1999).

Thus, requiring a bond to be posted as a precondition for granting a stay serves as a means to give the judgment creditor security during the pendency of the appeal.  It ensures that if the judgment is affirmed, the judgment creditor will be paid that which is owed.  
Ennor v. Galena Southern Wisconsin R.R. Co.
, 104 Ill. 103, 104 (1882).  It also serves to prevent an unscrupulous debtor from hiding, diverting, wasting, or otherwise squandering his assets, resulting in the judgment becoming uncollectible.

Of critical importance to our analysis is the clear law of this state that the right to appeal, the right to file posttrial motions, and the right to obtain a stay by filing a 
supersedeas
 bond are separate, independent rights.  The right to appeal is not dependant on posting a bond.  Even if an appellant is unable to post a sufficient bond, that party may still appeal but the enforcement of the judgment will not be stayed.  
Jack Spring, Inc. v. Little
, 50 Ill. 2d 351, 280 N.E.2d 208 (1972).  The historical origins of the present law are useful in understanding these rules.

"Prior to the enactment of the Civil Practice Act, every appeal operated in and of itself as a 
supersedeas
 or stay of all proceedings to enforce the execution of the judgment or decree pending the appeal. (
People ex rel. Finn v. David
, 328 Ill. 230 [(1927)]; 
Thompson v. Davis
, 297 Ill. 11 [(1921)]; 
Hopkins v. Patton
, 257 Ill. 346 [(1913)].)  The reasons for this were twofold: first, an appeal was a continuation of the proceedings below; and second, a bond was an essential and integral part of every appeal.  (
Hopkins v. Patton
, 257 Ill. 346.)  ***  The requirement that bond be given in all cases of appeal was eliminated[,] and section 76 of the act provides that an appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court and that no step other than that by which the appeal is perfected shall be deemed jurisdictional.  Under section 82, an appeal now does not, as formerly, operate as a 
supersedeas
, but in order to have that effect, bond must be given and order entered approving the same.   (Ill. Rev. Stat. 1943, chap. 110, par. 206.)"  
First National Bank of Jonesboro v. Road District No. 8
, 389 Ill. 156, 159-60, 58 N.E.2d 884, 886 (1945).  Today the bonding requirements that must be satisfied to obtain a stay are contained in Supreme Court Rule 305.

If a right to appeal was conditioned on posting a 
supersedeas
 bond as was formerly the case, then the requirement would be constitutionally infirm.  "Section 7 of article VI of the constitution of Illinois (1870) and section 6, article VI[,] of the constitution of Illinois (1970) provide for an appeal, as a matter of right, from all final judgments of the circuit court.  Having created the right of appeal, the statutes adopted and the rules promulgated in implementation of that right may not serve to discriminate against appellants by reason of the inability to furnish an appeal bond.  (
Griffin v. Illinois
 (1956), 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585; 
Boddie v. Connecticut
 (1971), 401 U.S. 371, 28 L. Ed.2d 113, 91 S. Ct. 780; 
Mayer v. City of Chicago
 (1971), 404 U.S. 189, 30 L. Ed. 2d 372, 92 S. Ct. 410.)"  
  
Jack Spring, Inc.
, 50 Ill. 2d at 355, 280 N.E.2d at 211.  
Because the right to appeal and the right to obtain a stay by posting a bond are independent, there is no constitutional infirmity. 
  
Jack Spring, Inc.
, 50 Ill. 2d at 356, 280 N.E.2d at 211-12.

One of the inherent powers possessed by all courts, independent of Supreme Court Rule 305, is the power to grant a stay pending appeal.  Whether to grant a stay is a discretionary act.    
Stacke
, 138 Ill. 2d at 302, 562 N.E.2d at 195.  This power is not as broad as it may appear at first glance.  It cannot be exercised in a fashion that would conflict with the letter or spirit of Supreme Court Rule 305.  Further, the duration of an unsecured or undersecured stay should be very limited.  Allowing an extended unsecured or undersecured stay would eviscerate the salutary purpose served by a 
supersedeas
 bond.  A judgment creditor could have no confidence that the judgment would ever be collectible.

B.
  
The Supreme Court Rule-Making Authority

General administrative and supervisory authority is vested in the Illinois Supreme Court by our state constitution.  Moreover, the constitution expressly vests rule making authority concerning appeals in the Illinois Supreme Court.  Ill. Const. 1970, art. VI, §16.  Any legislative enactment in conflict with the rules governing appeals is invalid.  
In re Marriage of Lentz
, 79 Ill. 2d 400, 403 N.E.2d 1036 (1980).  

Pursuant to this rule-making authority, the Illinois Supreme Court has adopted Rule 305, which sets forth the requirements to obtain a stay of judgment pending appeal and the procedure governing such stays.  The Illinois Supreme Court has stated the following with respect to the rules adopted pursuant its constitutional rule-making authority:

"The rules of court we have promulgated are not aspirational.  They are not suggestions.  They have the force of law, and the presumption must be that they will be obeyed and enforced as written."  
Bright v. Dicke
, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 278 (1995).

This principle is of salient importance.  Neither the circuit court nor this court may ignore or deviate from the requirements imposed by supreme court rule.  It is not our place to rewrite a rule through a tortured construction to appease the concerns of some that may dislike the obligations imposed by Rule.  Such judicial legerdemain is impermissible.

C.  Supreme Court Rule 305

Rule 305 governs stays of enforcement of judgments pending appeal.  The rule is not complex, and the committee comments following the rule are useful aids in understanding the historical development of the rule.  

Rule 305(a) is devoted to stays of the enforcement of money judgments.  This subsection expressly states that money judgments are only stayed if "a timely notice of appeal is filed and an appeal bond is presented, approved, and filed" in accordance with the rule.  155 Ill. 2d R. 305(a).  The bond requirement is unambiguous.  "The bond shall be in an amount sufficient to cover the amount of the judgment, interest and costs."  155 Ill. 2d R. 305(a).  If a sufficient bond is presented that meets the requirement of Rule 305(a), a stay is automatic.  
Stacke
, 138 Ill. 2d at 303, 562 N.E.2d at 195.

Rule 305(b) deals with stays of enforcement in cases involving both nonmoney judgments and money judgments.  It grants the court the authority to stay the enforcement of both nonmoney judgments and money judgments on terms that are "just."  Nevertheless, the bond requirement applicable to money judgments is expressly retained in mandatory language ("a bond *** shall be required in money judgments" (155 Ill. 2d R. 305(b))).  The use of the word "shall" in statutes and Rules expresses a clear intent to impose a mandatory obligation.  
People v. O'Brien
, 197 Ill. 2d 88, 93, 754 N.E.2d 327, 330 (2001).  The committee comments on paragraph (b) (134 Ill. 2d R. 305, Committee Comments, at 251) state, "Subparagraph (3) requires that the terms of a stay of a money judgment *** must include a bond[] but in other cases leaves the terms to the discretion of the court."  Thus while paragraph (b) grants a measure of discretion to the trial court in fixing the terms of the stay of a nonmoney judgment, even under paragraph (b) money judgments must be bonded to obtain a stay.  Nothing in this paragraph allows a bond in an amount less than that specified in paragraph (a).

What then is the purpose of including money judgments under paragraph (b)?  We believe that this paragraph is a codification of the inherent power of courts to grant temporary stays (see 
Stacke
, 138 Ill. 2d at 302, 562 N.E.2d at 195
) in situations where the procedural requirements of paragraph (a) (
e.g.,
 timeliness, sufficiency of the surety) have not been satisfied.  It is a safety valve to allow a temporary stay while a sufficient surety is obtained and approved.  The failure to provide for such contingencies has been condemned.  See 
Zuckerman v. Hawes
, 146 Ill. 59, 34 N.E. 479 (1893).  The discretion to grant a stay of a money judgment on "just" terms is limited in scope, and the stay is limited in duration to the time needed to post a proper bond.  If after a short but reasonable time a proper bond is not posted, the stay must be lifted.  

Paragraph (f) is consistent with this interpretation.  It specifies with respect to the condition of the bond that it must be sufficient to provide for "the payment of the judgment, interest, and costs" if the judgment is affirmed.  155 Ill. 2d R. 305(f).  

While paragraph (g) allows the appellate court to change the amount, terms, or security of the bond, nothing authorizes this court to approve a bond that will not be sufficient to pay the judgment, interest, and costs.

This interpretation of Rule 305 is consistent with every authority that the parties have presented for our consideration.  Moreover, two commentators who have considered the rule have reached similar conclusions.  L. Dowd,
 Post-Judgment Security & Appeal Bonds: A Need for Consistency & Fairness
, 82 Ill. B.J. 660 (1994); C. Quinn,
 Appeal Bonds & Illinois Supreme Court Rule 305
, 90 Ill. B.J. 199 (2002).  With this background we will now address the contentions of the parties.

D.  The Contentions of the Parties

The plaintiffs claim that the bond posted by Philip Morris fails to satisfy the requirements of Rule 305, and they ask this court to modify the amount, terms, and security of the appeal bond.  Philip Morris claims that the bond posted conforms to Rule 305(b).  It claims that section (b) allows for discretionary stays on such terms and conditions as are "just," including the approval of a stay when the bond posted fails to satisfy paragraph (a).  According to Philip Morris, unless this was true, section (b) would be meaningless. 

We disagree with Philip Morris.  Nothing has been cited to support this construction of Rule 305.  While 
Stacke
 is cited extensively by Philip Morris, nothing in that case adopts Philip Morris's position.  In fact, the amount and sufficiency of the bond were not even at issue in that case: 

"In her brief, Mrs. Bates argues that the appellate court abused its discretion in granting the stay and that no stay should have been granted because the estate did not file a bond as required in Rule 305(b).  After filing her brief, Mrs. Bates asked the appellate court to require the estate to post a bond.  This motion was granted and the estate filed a bond in the amount of $1.7 million.  In her reply brief and during oral argument before this court,
 Mrs. Bates waived any objections regarding the failure to provide a bond
."  (Emphasis added.)  
Stacke
, 138 Ill. 2d at 300, 562 N.E.2d at 194.

As we stated earlier in this opinion, Rule 305(b) to the extent it concerns money judgments is a safety valve.  Nothing in that subsection authorizes a bond amount or condition that deviates from Rule 305(a) or (f).

Next, Philip Morris claims that it established sufficient facts to warrant a discretionary stay in light of the alleged adverse consequences to third parties and the prospect of bankruptcy if the bond requirements are not relaxed.  These claims are not relevant to the issue at hand.  Rule 305 is not a suggestion.  We have no authority to deviate from its requirements to entertain these arguments.  A similar argument was addressed quite eloquently by Justice Marshall in his concurrence in 
Pennzoil Co. v. Texaco, Inc.
, 481 U.S. 1, 95 L. Ed. 2d 1, 107 S. Ct. 1519 (1987).

"Because a wealthy business corporation has been ordered to pay damages in an amount hitherto unprecedented[] and finds its continued survival in doubt, we and the courts below have been presented with arguments of great sophistication and complexity ***.  The Court's opinion, which addresses in sweeping terms one of these questions, is the result of what Justice Holmes called 'a kind of hydraulic pressure which makes what previously was clear seem doubtful, and before which even well settled principles of law will bend.' "  
Pennzoil Co.
, 481 U.S. at 26-27, 95 L. Ed. 2d 1, 107 S. Ct. at 1534 (Marshall, J., concurring) (quoting 
Northern Securities Co. v. United States
, 193 U.S. 197, 401, 48 L. Ed. 679, 24 S. Ct. 436, 468 (1904)).

Philip Morris next argues that the plaintiffs should be estopped from challenging the stay order because the plaintiffs represented to the Illinois Supreme Court that they were adequately protected by the present bond and stay when Philip Morris sought to bypass the appellate court.  We have reviewed the record and find that this claim is unsupported.  The plaintiffs acknowledged the existence of the bond and stay.  We have not been directed to any portion of the record where the plaintiffs expressed satisfaction with the bond or accepted its sufficiency.

Finally, Philip Morris argues that the United States and Illinois Constitutions guarantee its right to appeal.  It claims that it cannot post a bond in conformity with Rule 305(a) and, therefore, its constitutional right to appeal has been violated.  The claim is meritless.  We addressed this matter earlier in this opinion and decline to rehash the matter.  Suffice it to say that the right to a stay and the right to appeal are separate and independent.  Philip Morris may appeal with or without a bond and with or without a stay.  There is no constitutional deprivation.  See 
Jack Spring, Inc.
, 50 Ill. 2d 351, 280 N.E.2d 208.

We have considered the other matters raised and find them without merit.

CONCLUSION

In light of the discussion set forth above with respect to the strictures of Supreme Court Rule 305 that both this court and the circuit court must observe, we remand this cause to the circuit court of Madison County for the limited purpose of reconsidering the amount, terms, conditions, and security of the appeal bond in support of a stay of the judgment in conformity with Supreme Court Rule 305 and this opinion, while retaining jurisdiction over the appeal for all other purposes.  We remand this cause in recognition that the reconsideration necessarily entails the resolution of factual issues that an intermediate court of review is ill-suited to determine.  See Ill. Const. 1970, art. VI, §6.  The present stay of enforcement is to remain in effect for 30 days following the entry of this order, to preserve the status quo while  proceedings are conducted on remand.  If it is determined that additional time is necessary and reasonable to comply with the requirements of an appeal bond fashioned after the reconsideration, the trial court, in the exercise of its inherent authority, may grant a temporary stay of the enforcement of the judgment for this purpose.  In light of the ability of the trial court to grant a temporary stay following the remand, we deny Philip Morris's motion for an interim stay.

IT IS THEREFORE ORDERED that this cause shall be, and the same hereby is, remanded to the circuit court of Madison County for the limited purpose of reconsidering the amount, terms, conditions, and security of the appeal bond in support of a stay of the judgment in conformity with Supreme Court Rule 305 and this opinion.

IT IS FURTHER ORDERED that the motion for interim stay shall be, and the same  is hereby, DENIED.

DONOVAN and GOLDENHERSH, JJ., concur.

                                      NO. 5-03-0320

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

SHARON PRICE, et al., Individually )  Appeal from the

and on Behalf of All Others Similarly )  Circuit Court of

Situated, )  Madison County.

Plaintiffs-Appellees and )

Separate Appellees and )

Cross-Appellants, )

)  No.  00-L-112

PHILIP MORRIS, INC., )

Defendant-Appellant and )

Separate Appellee and )

Cross-Appellee, )

and )

FINKELSTEIN, THOMPSON & )  Honorable

LOUGHRAN, )  Nicholas G. Byron,

Petitioner-Separate Appellant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: July 14, 2003

___________________________________________________________________________________

Justices
: Honorable Gordon E. Maag, J.

Honorable James K. Donovan, J.

Honorable Richard P. Goldenhersh, J.

Concur

___________________________________________________________________________________

Attorney
 Beth A. Bauer, Burroughs, Hepler, Broom, MacDonald, Hebrank & True, 103 West

for
 Vandalia Street, Suite 300, P.O.Box 510, Edwardsville, IL  62025; Kevin M. Forde,

Appellant
 Kevin M. Forde, Ltd., 111 West Washington Street, Suite 1100, Chicago, IL  60602;

Michele Odorizzi, Mayer, Brown, Rowe & Maw, L.L.P., 190 South LaSalle Street,

Chicago, IL  60603-3441; George C. Lombardi, Winston & Strawn, 35 West Wacker

Drive, Chicago, IL  60601-5600 (attorneys for Philip Morris Incorporated)

___________________________________________________________________________________

Attorneys
 Robert L. King, King Marker Armstrong, L.L.C., 211 North Broadway, Suite

for
 2970, St. Louis, MO  63103-2793; Stephen M. Tillery, Korein Tillery, L.L.C., 701

Appellee
 Market Street, Suite 300, St. Louis, MO  63101 (attorneys for Michael Fruth and

Sharon Price)

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 07/14//03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.